UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEROME JULIUS BROWN,        )
                         )
       Plaintiff,         )
                         )
     v.               )     Civil Action No.  14-2065 (BAH)
                         )
METRO TRANSIT          )
POLICE DEPARTMENT *et al.*,   )
                         )
       Defendants.     )

## MEMORANDUM OPINION

The plaintiff, Jerome Julius Brown, filed this action *pro se* in the Superior Court of the

District of Columbia against the "Metro Transit Police Department" and two of its officers.  *See*

Compl., ECF No. 1-3.  He claims "false arrest" and seeks $30,000 in damages.  *Id*.  Construing the

complaint as brought against the Washington Metropolitan Area Transit Authority ("WMATA")

and two of its officers, the defendants removed the case to this Court pursuant to 28 U.S.C. §§

1441(a), 1446 and the WMATA Compact, D.C. Code § 9-1107.01(81), which confers original

jurisdiction over claims against WMATA in the United States district courts.  *See* Not. of

Removal, ECF No. 1 , ¶¶ 2, 6; *Barksdale v. Washington Metro. Area Transit Auth*., 512 F.3d 712,

714 (D.C. Cir. 2008).

The defendants now move for summary judgment under Rule 56 of the Federal Rules of

Civil Procedure.  *See* Mot. by Defs. Metro Transit Police Dep't, Price and Woods for Summ. J.,

ECF No.  9.  On February 9, 2015, the Court issued an order advising the plaintiff about his

obligation to respond to the defendants' motion by March 31, 2015.  *See* Order, ECF No. 10.

The plaintiff has not provided a cogent response to the motion.  *See* FRCP Rule 55 Default,

Default Action Defendant Failed to Plead Other Defend Proposed Schedule or Dispositive

Motion, ECF No. 13.[1]  The docket shows that the two orders mailed to the plaintiff at his

address of record were returned to the Clerk's Office "as undeliverable."  *See* Feb. 26, 2015 and

Mar. 12, 2015 docket entries.  Ordinarily, this may prompt a dismissal for failure to prosecute

due to the plaintiff's failure to maintain a current address.  But the plaintiff has continually

submitted documents to the Clerk's Office listing the same address, which is "conclusively taken

as the last known address" unless "changed by notice filed with the Clerk[.]"  LCvR 11.1.  In

addition, the Court has been informed by the Clerk's Office that the plaintiff presents his

documents in person; thus, it is reasonably safe to conclude that the plaintiff has, or should

have, received notices of the orders.  Therefore, the Court will address the defendants'

summary judgment motion and "state on the record the reasons for granting . . . the motion."

Fed. R. Civ. P. 56(a).

## I.  LEGAL STANDARD

Pursuant to Rule 56, summary judgment shall be granted "if the movant shows that

there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law."  Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247

(1986); *Estate of Parsons v. Palestinian Auth.*, 651 F.3d 118, 123 (D.C. Cir. 2011); *Tao v. Freeh*,

---

[1]   The Court has liberally construed this one-page document, accompanied by an assortment
of inexplicable attachments, as the plaintiff's opposition since it was filed within the March 31,
2015 deadline and begins with " 'opposition' motion."  Otherwise, the document is in line with
the plaintiff's prior submissions that the Court has rejected for filing as frivolous, superfluous,
or harassing.  *See* January 8, 2015 Order (denying leave to file the plaintiff's assorted
documents).

27 F.3d 635, 638 (D.C. Cir. 1994).  To determine which facts are material, the Court looks to the

substantive law on which each claim rests.  *Anderson*, 477 U.S. at 248.  Summary judgment is

properly granted against a party who "fails to make a showing sufficient to establish the

existence of an element essential to that party's case, and on which that party will bear the

burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  *See Grimes v.*

*District of Columbia*, 923 F. Supp. 2d 196, 198 (D.D.C. 2013) ("The 2010 Amendments to Federal

Rule of Civil Procedure 56 . . . and the accompanying Advisory Committee Notes do not prohibit

this Court from granting summary judgment where, as here, the nonmovant fails to

demonstrate a genuine dispute as to any material fact.").

## II. DISCUSSION

"A false arrest . . . claim turns first on whether the plaintiff was unlawfully detained.  If

the arrest was legally justified--for example, if supported by probable cause or a valid warrant--

the conduct of the arresting officer is privileged and a claim will not lie."  *Liser v. Smit*h, 254 F.

Supp. 2d 89, 95-96 (D.D.C. 2003) (citing *Tillman v. Washington Metro. Area Transit Auth*., 695

A.2d 94, 96 (D.C. 1997); *Scott v. District of Columbia*, 101 F.3d 748, 754 (D.C. Cir. 1996)).

The plaintiff has not come forward with any evidence to rebut the defendants' evidence

that one of the two officers he has sued "did not participate in [the] [p]laintiff's arrest," Aff. of

Fred Price, ECF No. 9-2, ¶ 10, and that the arresting officer, also a defendant, had probable

cause to arrest the plaintiff.  The arresting officer states that while on foot patrol at the Metro

Center Metrorail station, he received a radio communication "to be on the lookout for a

passenger with a black 'F.B.I' visor and black 'F.B.I' hoodie who was reported to be screaming

and yelling at passengers."  Aff. of Joseph Strassner, ECF No. 9-1, ¶ 3.  The officer approached

the plaintiff because he "match[ed] the description." *Id*. ¶ 4.  During "the course of conversation," the plaintiff voluntarily provided his identification.  *Id*. ¶ 7.   A check of the Metro Transit Police Department's criminal databases revealed an outstanding warrant for the plaintiff, and the officer received a code signaling that "for officer safety, the [plaintiff] should be put in handcuffs." *Id*.  ¶¶  8-9.  The plaintiff complied with the officer's directions to be handcuffed and "appeared to have knowledge of the warrant." *Id*. ¶ 10.  Because the warrant was issued by authorities in "Prince George's County," the officer confirmed "that the warrant was extraditable," transported the plaintiff "to District 1D of the Metropolitan Police Department," and completed "the arrest paperwork." *Id*. ¶¶ 11-12.

Based on the foregoing undisputed facts, the Court finds that the WMATA officer had probable cause to arrest the plaintiff, and was well within his authority to do so.  *See Myers v. United States*, 15 A. 3d 688, 691 (D.C. 2011) ("WMATA has its own police force, the Metro Transit Police, which, while on Metro property in the District of Columbia, has the same powers as the Metropolitan Police Department of the District of Columbia.").  Therefore, the Court concludes that the defendants are entitled to judgment as a matter of law.[2]  A separate order accompanies this Memorandum Opinion.

/s/ *Beryl A. Howell*
UNITED STATES DISTRICT JUDGE

DATE:   April 1, 2015

---

[2]   Given the disposition of this case on summary judgment, the Court will not address the defendants' valid arguments for dismissal on immunity grounds.  *See* Defs.' Mem. of P. & A. at 7-8 (WMATA's immunity); *id*. at 9-10 (officers' qualified immunity).  It is worth noting, however, that "WMATA is immune from suit when its actions are governmental," and "the District of Columbia Circuit [has] held that the WMATA function is governmental in nature when the Metro Transit Police are involved." *Myers v. United States*, 15 A.3d 688, 691 (D.C. 2011) (citing *Morris v. WMATA*, 781 F.2d 218, 220 (D.C. Cir. 1986)).